ELY ROSENBERG, Suing on Behalf of Himself and Others, Respondent, *v.* MOUNT CARMEL CEMETERY ASSOCIATION et al., Defendants, and HANNAH SULLIVAN, as Receiver of the Estate of TIMOTHY D. SULLIVAN, Deceased, Appellant.

*Injunction — prosecution of actions at law against cemetery association to recover amounts alleged to be due on certificates of indebtedness may not be enjoined.*

*Rosenberg* v. *Mount Carmel Cemetery Assn.*, 217 App. Div. 780, reversed.

(Argued January 11, 1927; decided February 23, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 25, 1926, which affirmed an order of Special Term denying a motion for a dismissal of the complaint. The action is a representative one, brought by the plaintiff as a holder of certain certificates of indebtedness issued by the defendant Mount Carmel Cemetery Association in behalf of all certificate holders, to restrain the prosecution of three pending actions at law upon similar certificates of indebtedness.

The following question was certified:

" Does the complaint state facts sufficient to constitute a cause of action against the defendants, Mount Carmel

Prepared by State Reporter from Appeal Papers

Cemetery Association, Arthur R. Perls, Louis Singer, Elias Schlein, Morris Cohen, Hannah Sullivan, as receiver of the property, assets, rights and effects of the estate of Timothy D. Sullivan, deceased, and all others who may intervene herein as parties defendant and/or who may be similarly situated? "

*Abraham Benedict, Gustavus A. Rogers* and *Edith H. Kunen* for appellant.

*Clinton T. Roe, Ely Rosenberg* and *Adela Heller* for respondent.

*Per Curiam.* If the facts stated in the complaint are sufficient to show that the individual defendants have no legal cause of action against the corporate defendant, then the corporation can protect its rights and interests by asking for judgment in its favor in any actions at law that may be brought against it. If the individual defendants have a cause of action at law, they may not be enjoined from insisting upon their legal rights. No sufficient ground is pleaded for the interposition by a court of equity of an injunction against the prosecution of such actions at law even at the instance of the cemetery corporation. Certainly a certificate holder may not ask for such relief in its behalf.

The order of the Appellate Division and that of Special Term should be reversed and motion granted, with costs in all courts. Question certified answered in the negative.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; KELLOGG, J., absent.

Ordered accordingly.